IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME GREEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-627-JPG |
| WEXFORD HEALTH SOURCES INC. and DR. RITZ, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jerome Green, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Dr. Ritz and Wexford Health Sources, Inc. ("Wexford") was deliberately indifferent in treating Plaintiff's keloid, in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

In his Complaint, Plaintiff makes the following allegations (Doc. 1): Beginning in April 2017, Plaintiff started experiencing breathing problems due to a large keloid located on the side of his neck. (Doc. 1, p. 4). The keloid grew to three times its original size and eventually burst open and became infected. (*Id*. at pp. 4-5). Despite putting in several requests and asking Dr. Ritz to have the swollen keloid removed, Dr. Ritz, the utilization manager for Wexford, denied Plaintiff's requests for the removal and only provided Plaintiff with aspirin despite being in serious pain. (*Id*. at p. 6). The keloid eventually "erupted" and became infected, but Plaintiff was only provided with Band-Aids and tape, as well as a feed in permit due to the infection. (*Id*. at pp. 5, 7). Plaintiff suffered with the keloid for over a year before he was finally referred Plaintiff for outside surgery. (*Id*. at pp. 6-7). Plaintiff further alleges that Wexford is liable for Dr. Ritz's actions as he is their employee and acted on their behalf. (*Id*. at p. 5).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following single count:

> **Count 1:** **Dr. Ritz and Wexford Health Sources Inc. were deliberately indifferent under the Eighth Amendment in delaying Plaintiff's removal of his keloid.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff states a viable claim for deliberate indifference against Dr. Ritz for delaying Plaintiff's surgery for the removal of his keloid for over a year. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

However, Plaintiff fails to state a claim against Wexford for deliberate indifference. Wexford is a private corporation that employs prison medical providers to provide medical care at the prison. However, the corporation cannot be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Thus, Plaintiff fails to state a claim against Wexford when he alleges that it is responsible for Dr. Ritz's actions. Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff cites to only a vague practice of employees "cutting corners" and "denying adequate and timely medical care" without pointing to a specific policy or practice that is attributable to Wexford and which caused his constitutional deprivation. *See Olive v. Wexford Corp.*, 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" insufficient, as it did not "identify any concrete policy, let alone an unconstitutional one"). As such, Wexford is **DISMISSED without prejudice** from Count 1.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed as to Dr. Ritz, but Wexford Health Sources, Inc. is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **TERMINATE** Wexford Health Sources, Inc. from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Dr. Ritz: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/9/2019**

s/J. Phil Gilbert<br>
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the Defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**